**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ALEAH AL-RIFAIEY,**

    Plaintiff,

v

**BHOOI JUDGE 1 LLC d/b/a MASSAGELUXE WEST BLOOMFIELD and NEENA ENTERPRISES 4 LLC, d/b/a MASSAGE LUXE**

    Defendant.

Case No. 20-    cv
Hon.

---

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Judith A. Champa (P57489)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
jchampa@millercohen.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action pending
in this Honorable Court or any other Court
arising out of the same transaction and occurrence.

            /s/Keith D. Flynn
            Keith D. Flynn

**NOW COMES** Plaintiff, **ALEAH AL-RIFAIEY**, by and through her attorneys, **MILLER COHEN, P.L.C.**, for her Complaint against Bhooi Judge 1 LLC d/b/a Massageluxe West Bloomfield and Neena Enterprises 4 LLC d/b/a Massage LuXe, and states as follows:

## INTRODUCTION

Plaintiff Aleah Al-Rifaiey was a loyal and hard-working employee of Bhooi Judge 1 LLC d/b/a Massageluxe West Bloomfield and Neena Enterprises 4 LLC d/b/a Massage LuXe, Defendant, from about December 2016 to on or about April 12, 2017. There, Plaintiff served in the position of esthetician. Ms. Al-Rifaiey was harassed since the beginning of her employment by her direct supervisor, Manager Laura Lynn Knop, who would constantly interrogate and demean her in front of her co-workers. The stress caused by Ms. Knop's harassment exacerbated symptoms of her long-term disability - epilepsy. Both of her managers were aware of Ms. Al-Rifaiey's condition as she shared that information with them, yet, Ms. Knop continued her harassment of Ms. Al-Rifaiey anyway.

Prior to the harassment she suffered while working at Massage LuXe, Ms. Al-Rifaiey's condition had been managed for years. After months dealing with Ms. Knop's continuing harassment, Ms. Al-Rifaiey's condition had deteriorated so much that she was required to change her medication in April 2017.

Ms. Al-Rifaiey requested a reasonable accommodation that she be allowed to come in an hour later to work for a week after she started new medication to deal with symptoms caused by her adjustment to the new medication. Both of her managers were aware of her request for a reasonable accommodation a week prior. In fact, her Assistant Manager, Danielle Williams, had told her that it should not be a problem to accommodate her and that she would take care of it. Ms. Williams even changed the schedule in front of Ms. Al-Rifaiey. Despite this, Ms. Knop contacted Ms. Al-Rifaiey that Monday morning after the originally scheduled start time demanding that she come into work at 9am despite having been approved to come in at 10am instead. Ms. Al-Rifaiey did not even have a client that morning.

Ms. Al-Rifaiey reported her Manager's refusal to accommodate to one of the owners, Neena Judge, that Tuesday. This was not the first time Ms. Al-Rifaiey had reported Ms. Knop's conduct—she also reported it to corporate. It would be her last time, however, as the very next day, April 12, 2017, she was terminated by Ms. Knop.

That day, Ms. Knop cornered her in her esthetician room after she had finished with a client. Ms. Knop repeatedly screamed at Ms. Al-Rifaiey telling her "how dare you talk about me behind my back" referring to Ms. Al-Rifaiey's conversation with Ms. Judge. Ms. Al-Rifaiey began to have an episode and tried to end the confrontation begging her Manager to let her have just five minutes and warning her that she felt like a seizure was coming over her due to the anxiety she was experiencing. Ms. Al-Rifaiey began shaking and felt a tingly sensation down her arm, which she mentioned to her manager. To avoid having an episode, Ms. Al-Rifaiey attempted to escape the room, but her Manager placed herself between her and the door and told her that she was not going to let her out of the room until they were done talking.

Ms. Al-Rifaiey had a seizure. She attempted to flee to the break room, which led her to fall into the lockers. Her co-workers saw what happened next. After Ms. Al-Rifaiey escaped the room, her Manager followed her into the break room and continued to scream at her. Multiple witnesses confirmed that Ms. Al-Rifaiey began foaming from the mouth, repeated herself, was clearly disoriented, and was having difficulty breathing. Ms. Al-Rifaiey's condition did not stop her Manager from screaming at her in front of her co-workers accusing her of faking her condition and that she had no reason to request to come into work late on Monday. Ms. Al-Rifaiey attempted to share her side of the story, but was terminated. Having just been through a seizure, Ms. Al-Rifaiey required help to just get to her car.

Under the ADA and PWDCRA, it is unlawful to discriminate against an employee due to their disability or to, otherwise, retaliate against them for asserting rights under those statutes. Employers are required to provide reasonable accommodations to disabled employees to allow them to perform their jobs. This includes providing them with disability leave to adjust to new medication to treat their disability. Employers are vicariously liable for unlawful harassment, discrimination, and retaliation that leads to a tangible employment action when the perpetrator is a supervisor.

Since her termination, Ms. Al-Rifaiey has not been able to find stable employment making what she had made at Defendant. She was promised full-time status with Defendants and was set to receive health insurance assistance through Defendants within a matter of weeks had she remained employed. After her termination, she was kicked off of her health insurance and could not receive the treatment that she needed. Her epilepsy spiraled out of control as a result.

Due to Defendants' actions, Plaintiff lost her job, lost wages and benefits, and has been subjected to emotional harm. Consequently, Plaintiff requests that she be made whole for the injuries incurred due to this violation.

## **PARTIES**

1. Plaintiff Aleah Al-Rifaiey is a private citizen and, at the time of these occurrences, was a resident of Michigan in Lapeer County. She is currently a resident of North Carolina in Durham County.

2. Defendant, Bhooi Judge 1 LLC d/b/a Massageluxe West Bloomfield and Neena Enterprises 4 LLC d/b/a Massage LuXe, operate massage parlors doing business in the City of

4

West Bloomfield, County of Oakland, State of Michigan and City of Novi, County of Oakland, State of Michigan respectively.

    3.      Defendants operate as a joint/single employer under the law as both share control over employees and operate as an integrated enterprise. Upon information and belief, both are owned by husband and wife. Plaintiff was told that she was terminated by both companies.

## JURISDICTION AND VENUE

    4.      This Court has original jurisdiction over Plaintiff's claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., pursuant to 28 U.S.C. § 1331.

    5.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

    6.      This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

    7.      Plaintiff, Aleah Al-Rifaiey, was employed as an esthetician at the Novi location from around December 2016 until April 12, 2017. Plaintiff was asked to work at West Bloomfield from around January 2017 until April 12, 2017.

    8.      She held this position until she was terminated.

    9.      Ms. Al-Rifaiey has a long-term disability – epilepsy.

    10.      Defendants knew about Ms. Al-Rifaiey's disability since before the start of her employment.

    11.      Ms. Al-Rifaiey was harassed since the beginning of her employment by her direct supervisor, Manager Laura Lynn Knop, who would constantly interrogate and demean her in front of her co-workers.

12. The stress caused by Ms. Knop's harassment exacerbated symptoms of Ms. Al-Rifaiey's epilepsy.

13. Both of Ms. Al-Rifaiey's managers were aware of Ms. Al-Rifaiey's condition as she shared that information with them, yet, Ms. Knop continued her harassment of Ms. Al-Rifaiey anyway.

14. Prior to the harassment she suffered while working for Defendants, Ms. Al-Rifaiey's condition had been managed for years. After months of dealing with Ms. Knop's continuing harassment, Ms. Al-Rifaiey's condition had deteriorated so much that she was required to change her medication in April 2017.

15. Ms. Al-Rifaiey requested a reasonable accommodation that she be allowed to come in an hour later to work for a week after she started new medication to deal with symptoms caused by her adjustment to the new medication.

16. Both of Ms. Al-Rifaiey's managers, including Ms. Knop, were aware of her request for a reasonable accommodation a week prior to the requested adjustment. In fact, her Assistant Manager, Danielle Williams, had told her that it should not be a problem to accommodate her and that she would take care of it. She then adjusted the schedule right in front of Plaintiff.

17. Ms. Knop contacted Ms. Al-Rifaiey that Monday, April 10, 2017, after the original start-time for her shift demanding that she come into work Monday morning on time, even though Ms. Al-Rifaiey did not even have a client that morning.

18. Ms. Al-Rifaiey reported her Manager's refusal to accommodate to one of the owners, Neena Judge, that Tuesday, April 11, 2017.

19. This was not the first time Ms. Al-Rifaiey had reported Ms. Knop's conduct—she also reported it to corporate in the past.

20. On about April 12, 2017, Ms. Knop cornered Ms. Al-Rifaiey in her esthetician room after she had finished with a client. Ms. Knop repeatedly screamed at Ms. Al-Rifaiey telling her "how dare you talk about me behind my back" referring to Ms. Al-Rifaiey's conversation with Ms. Judge.

21. Ms. Al-Rifaiey began to have an episode and tried to end the confrontation begging her Manager to let her have just five minutes and warning her that she felt like a seizure was coming over her due to the anxiety she was experiencing. Ms. Al-Rifaiey began shaking and felt a tingly sensation down her arm, which she mentioned to her manager.

22. To avoid having an episode, Ms. Al-Rifaiey attempted to escape the room, but her Manager placed herself between her and the door and told her that she was not going to let her out of the room until they were done talking.

23. Ms. Al-Rifaiey had a seizure and only recalls bits and pieces of what happened next.

24. According to multiple witnesses, after Ms. Al-Rifaiey escaped the room, she ran to the breakroom and fell into the lockers. Ms. Knop followed her into the break room and continued to scream at her. Ms. Al-Rifaiey began foaming from the mouth, was repeating herself, was clearly disoriented, and was having difficulty breathing. Ms. Al-Rifaiey's condition did not stop her Manager from screaming at her in front of her co-workers accusing her of faking her condition and that she had no reason to request to come into work late on Monday.

25. Ms. Al-Rifaiey was fired that same day, April 12, 2017, because of her disability.

26. Having just been through a seizure, Ms. Al-Rifaiey required help to just get to her car after being terminated.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

27. Plaintiff incorporates by reference all preceding paragraphs.

28. Plaintiff's condition is a "disability" within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*. "Disability" is defined as a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment.

29. Plaintiff suffers from a long-term disability, epilepsy, which is a physical impairment that substantially limits one or more major life activities. Plaintiff was also "regarded as" disabled by Defendants.

30. Plaintiff was able to perform the essential job functions of her prior position with reasonable accommodations.

31. Defendants intentionally discriminated against Plaintiff in violation of the ADA by discharging her directly because of her disability and without engaging in the interactive process to determine a reasonable accommodation.

32. Defendant's discriminatory and retaliatory conduct exhibited a willful and/or reckless indifference to Plaintiff's protected right to be free from disability discrimination.

33. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has lost benefits; her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment

of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following remedies:

A. Declare that Defendants' practices and actions constitute unlawful employment practices in violation of the ADA;

B. Award Plaintiff all lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which she is entitled;

C. Award Plaintiff compensatory damages and punitive damages;

D. Award Plaintiff equitable relief as this Court deems just and appropriate;

E. Award Plaintiff reasonable attorney fees, costs and interest; and

F. Award such other relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF THE ADA - RETALIATION FOR ASSERTING RIGHTS PROTECTED UNDER THE ADA

34. Plaintiff incorporates by reference all preceding paragraphs.

35. As stated in Count I, Plaintiff is a disabled person within the meaning of the ADA.

36. Plaintiff made a request for a reasonable accommodation and complained about her supervisor's handling of her reasonable accommodation.

37. Plaintiff opposed disability discrimination in the workplace perpetrated by her manager.

38. In violation of the ADA, Defendants retaliated against Plaintiff because of her complaints about her supervisor's discriminatory behavior and refusal to accept her reasonable accommodation request, by discharging her.

39. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has lost benefits; her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following remedies:

A. Declare that Defendants' practices and actions constitute unlawful employment practices in violation of the ADA;

B. Award Plaintiff all lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which she is entitled;

C. Award Plaintiff compensatory damages and punitive damages;

D. Award Plaintiff equitable relief as this Court deems just and appropriate;

E. Award Plaintiff reasonable attorney fees, costs and interest; and

F. Award such other relief as this Court deems just and proper.

## COUNT III
### VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PWDCRA)

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Plaintiff's condition is a "disability" within the meaning of Michigan's Persons with Disabilities Civil Rights Act, M.C.L. §§ 37.1101 *et seq.*. "Disability" is defined as (1) a determinable physical or mental characteristic resulting from disease, injury, congenital condition of birth, or functional disorder that substantially limits one or more of an individual's major life activities, and is unrelated either to an individual's ability to perform the duties of a particular job or to the individual's qualifications for employment or promotion; (2) a history of such a characteristic; or (3) being regarded as having such a characteristic. MCL §§ 37.1103(d).

42. Plaintiff suffers from a long-term disability, epilepsy, which is a physical impairment that substantially limits one or more major life activities. Plaintiff was also "regarded as" disabled by Defendant.

43. Plaintiff was able to perform the essential job functions of her prior position with reasonable accommodations.

44. Defendants intentionally discriminated against Plaintiff in violation of the PWDCRA by discharging her because of her disability and without engaging in the interactive process to determine a reasonable accommodation.

45. Defendants' discriminatory and retaliatory conduct exhibited a willful and/or reckless indifference to Plaintiff's protected right to be free from disability discrimination.

46. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has lost benefits; her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following remedies:

A. Declare that Defendants' practices and actions constitute unlawful employment practices in violation of the PWDCRA;

B. Award Plaintiff all lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which she is entitled;

C. Award Plaintiff compensatory damages and exemplary damages;

D. Award Plaintiff equitable relief as this Court deems just and appropriate;

E. Award Plaintiff reasonable attorney fees, costs and interest; and

F. Award such other relief as this Court deems just and proper.

## COUNT IV

### VIOLATION OF THE PWDCRA - RETALIATION FOR ASSERTING RIGHTS PROTECTED UNDER THE PWDCRA

47. Plaintiff incorporates by reference all preceding paragraphs.

48. As stated in Count III, Plaintiff is a disabled person within the meaning of the PWDCRA.

49. Plaintiff made a request for a reasonable accommodation and complained about her supervisor's handling of her reasonable accommodation.

50. Plaintiff opposed disability discrimination in the workplace perpetrated by her manager.

51. In violation of the PWDCRA, Defendants retaliated against Plaintiff because of her complaints about her supervisor's discriminatory conduct and refusal to accept her reasonable accommodation request by discharging her.

52. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has lost benefits; her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following remedies:

A. Declare that Defendants' practices and actions constitute unlawful employment practices in violation of the PWDCRA;

B. Award Plaintiff all lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which she is entitled;

C. Award Plaintiff compensatory damages and exemplary damages;

     D.     Award Plaintiff equitable relief as this Court deems just and appropriate;

     E.     Award Plaintiff reasonable attorney fees, costs and interest; and

     F.     Award such other relief as this Court deems just and proper.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   */s/Keith D. Flynn*
Keith D. Flynn (P74192)
Judith A. Champa (P57489)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
jchampa@millercohen.com

Dated: April 9, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALEAH AL-RIFAIEY,

    Plaintiff,　　　　　　　　　　　　　　　　　　　Case No. 20-　　cv
v　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon.

BHOOI JUDGE 1 LLC d/b/a MASSAGELUXE
WEST BLOOMFIELD and NEENA
ENTERPRISES 4 LLC, d/b/a
MASSAGE LUXE

    Defendant.

---

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
Judith A. Champa (P57489)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
jchampa@millercohen.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, Aleah Al-Rifaiey, by her attorneys, MILLER COHEN, P.L.C., and hereby demands a trial by jury, for all issues so triable.

                                 Respectfully submitted,

                                 **MILLER COHEN, P.L.C.**

                By:   /s/*Keith D. Flynn*
                         Keith D. Flynn (P74192)
                         Judith A. Champa (P57489)
                         *Attorneys for Plaintiff*
                         7700 Second Avenue, Suite 335
                         Detroit, MI 48202
                         (313) 964-4454 Phone
                         (313) 964-4490 Fax
                         kflynn@millercohen.com
Date: April 9, 2020            jchampa@millercohen.com